BRYAN, Judge,
concurring in part and concurring in the result.
Because I would explain the rationale for affirming the trial court’s sua sponte entry of a judgment as a matter of law (“JML”) in favor of Johnson and M & M Trucking with respect to the Blakleys’ wantonness claim in a different manner than the main opinion, I concur in the result with respect to that holding. I would explain the rationale for that holding as follows. “ ‘Wantonness’ has been defined by [the supreme court] as the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.” Ex parte Essary, 992 So.2d 5, 9 (Ala.2007). In the case now before us, although the evidence indicates that Johnson consciously moved the tanker truck into the left lane, there was no evidence from which the trier of fact could reasonably infer that Johnson was conscious, aware, or perceived that his moving the tanker truck into the left lane would make it necessary for either the green automobile or the logging truck to leave the road in order to avoid a collision. Thus, there was no evidence from which the trier of fact could reasonably infer that Johnson was conscious, aware, or perceived that injury was likely to, or probably would, result from his moving the tanker truck into the left lane. See Ex parte Essary, 992 So.2d at 12. Viewed in the light most favorable to the Blakleys, *264 the evidence tends to prove, at most, that Johnson erroneously thought that he could safely move the tanker truck into the left lane; that does not constitute wantonness. Id. Consequently, the trial court did not err in sua sponte entering a JML in favor of Johnson and M & M Trucking with respect to the Blakleys’ wantonness claim.
In all other respects, I concur in the main opinion.